IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO: 2:05-cr-244-T |
| | ) | |
| KEVIN L. KING | ) | |

**MOTION TO SUPPRESS and**
**CITATIONS OF AUTHORITY**

Comes the defendant, Kevin L. King, by counsel and pursuant to Rule 12 of the Federal Rules of Criminal Procedure, and respectfully moves this Court to suppress all items seized and statements obtained as a result of a police stop and search of the car driven by defendant Kevin L. King on or about August 19, 2004 in Autaugaville, Alabama. As grounds for this motion, Mr. King would show that such stop, search and seizures occurred in violation of his rights under the Fourth and Fifth Amendments to the U.S. Constitution.

**Facts**

The office of defense counsel is actively engaged in investigating this matter and that investigation is not yet complete. However, information received in discovery indicates that, at a hearing in support of this Motion, the following would be shown:

1. At approximately 11:50 a.m. on the morning of August 19, 2004, Autaugaville City Police Department police officers Hughes and Wadsworth approached an intersection in Autaugaville and concluded that three African American males were acting suspiciously.

2. As Officer Hughes described in his report:

On August 19 at approximately 1150 hrs, while on patrol in the town of

> Autaugaville I noticed 3 Black Males standing on the corner of S. Pickett and Hwy. 14. Upon looking at my patrol car all three subjects started to walk behind the T&T Mart. I slowly proceeded across Hwy. 14 and proceeded down S. Pickett St. when I noticed one of the subjects peek around the corner, see my car, and duck behind the wall. At that time I attempted to make contact with the subject who was acting suspicious. I Officer Hughes stated to him "hey come here what are you doing behind the store." At that time the listed offender began running from officer Wadsworth and myself. Both of us pursued the offender into the woods off Hwy. 14 Behind the T&T Mart. Officers Note: 3d listed charge is obstruction governmental operations. Al. Code 13A-10-2 Misdemeanor.

3. As the officers approached, the men left the area, declining to stop despite the officer's verbal instructions. The men ran.

4. According to Officer Hughes, he observed Mr. King throw two items.

5. Mr. King was subsequently stopped by the police, within a few minutes after the officer's approach, and was placed under arrest.

6. A search of the area the .32 caliber pistol at issue in this case. A second search of the area resulted in the finding of five bags of marijuana.

7. Mr. King was interviewed while sitting in the police officers' car, and gave an inculpatory statement.

8. On August 20, 2004, at 12:20 p.m., after Mr. King had been formally arrested on pending state charges, Mr. King was interviewed at the county jail by Autuagaville Police Chief LeVon Johnson.

9. Mr. King is functionally illiterate, has the reading and spelling abilities of

a first grader, is cognitively impaired, functions in the mild mental retardation range, and does not have the ability to adequately understand court proceedings or his legal rights.

10. According to Chief Johnson, Mr. King gave a written, inculpatory statement to Chief Johnson.

**Grounds to Suppress**

11. The stop, search, and seizures of Mr. King were without warrant or consent and were conducted without lawful authority.

12. The searches described above and the consequent seizure of these items violated the Fourth and Fifth Amendments, in that:

    a. The warrantless stop and seizure of Mr. King was without probable cause or proper legal authority.

    b. The search and seizure of Mr. King and the seizure of items found were the fruit of his improper arrest.

    c. The search and seizure of Mr. King and the seizure of the items found therein were without probable cause or proper legal authority.

13. The custodial statements taken from Mr. King were involuntary and taken without proper, legal waiver of his Fifth and Sixth Amendment rights.

**Law**

14. Generally, before officers may detain a citizen, the officers must have a reasonable suspicion that a criminal offense has occurred or that criminal activity is in

progress. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967). When analyzing the events in the present case, "reasonable suspicion should be determined from the totality of the circumstances . . ." *United States v. Cotton*, 721 F.2d 350, 352 (11th Cir. 1983).

    15.    "An arrest is constitutionally valid, if 'at the moment an arrest was made, the officers had probable cause to make it.' *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). Probable cause exists when 'the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.' Id.  Probable cause 'has come to mean more than bare suspicion,' but 'less than evidence which would justify condemnation' or conviction.'" *U.S. v. Thomas*, 11 F.3d 620, 627 (6th Cir. 1993) (citing and quoting *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949); *Locke v. United States*, 7 Cranch 339, 348, 3 L.Ed. 364 (1813).

    16.    Similarly, statements obtained from a defendant during incommunicado interrogation in a police-dominated atmosphere, without full warning and understanding of his constitutional rights, are inadmissible as having been obtained in violation of Fifth Amendment privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436 (1966); *Dickerson v. United States*, 530 U.S. 428 (2000).

    17.    Further, a defendant must be advised of and fully understand his right to

consult with an attorney before authorities may conduct custodial interrogation. See *Miranda v. Arizona*, *supra*; *Edwards v. Arizona*, 451 U.S. 477 (1981).

18.     The exclusionary rule principally serves "to deter future unlawful police conduct." *United States v. Calandra*, 414 U.S. 338, 347, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974). "[T]he rule is a judicially created remedy designed to safeguard Fourth Amendment rights through its deterrent effect . . ." Id. at 348, 94 S.Ct. at 620. Thus, the rule must be applied in light of its deterrent purpose. "Under this rule, evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure. *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 1081 (1961). This prohibition applies as well to the fruits of the illegally seized evidence. *Wong Sun v. United States*, 371 U.S. 471, 484, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)." *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974).

19.     Under these circumstances, the items improperly and illegally seized; all information obtained from or as a fruit of such seizures; and all information obtained as a result of Mr. King's stop, search and seizures, and interrogations, and thereafter, must be suppressed.

**WHEREFORE**, the defendant respectfully prays that this Motion be granted.

Respectfully submitted,

**s/Christine A. Freeman**

5

  **CHRISTINE A. FREEMAN**
  **TN BAR NO.: 11892**
  Attorney for Kevin L. King
  Federal Defenders
  Middle District of Alabama
  201 Monroe Street , Suite 407
  Montgomery, AL 36104
  TEL:  (334) 834-2099
  FAX: (334) 834-0353
  E-Mail: Christine_Freeman@fd.org

## CERTIFICATE OF SERVICE

 I hereby certify that on December 13, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Susan Redmond, Esquire, Assistant United States Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

  **s/Christine A. Freeman**
  **CHRISTINE A. FREEMAN**
  **TN BAR NO.: 11892**
  Attorney for Kevin L. King
  Federal Defenders
  Middle District of Alabama
  201 Monroe Street , Suite 407
  Montgomery, AL 36104
  TEL:  (334) 834-2099
  FAX: (334) 834-0353
  E-Mail: Christine_Freeman@fd.org