IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CASE NO. 2:05cr244-T |
| ) | |
| KEVIN L. KING ) | |

UNITED STATES OF AMERICA'S PROPOSED FORFEITURE INSTRUCTIONS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney, and John T. Harmon, Assistant United States Attorney, and submits its Proposed Forfeiture Instructions for use in the forfeiture proceedings of the above-styled case.

The United States of America requests the Court, pursuant to Rule 30 of the Federal Rules of Criminal Procedure, to include and use the attached forfeiture instructions in charging the jury or, in the alternative, to use in substance the principles of law identified in the attached instructions in charging the jury.

Respectfully submitted this 17th day of January, 2006.

FOR THE UNITED STATES ATTORNEY
LEURA G. CANARY

/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Bar Number: 7068-II58J
Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280

CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2006, I electronically filed the foregoing Proposed Forfeiture Instructions with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **Christine A. Freeman, Patricia Vanessa Kemp,** and **Susan R. Redmond.**

>/s/John T. Harmon
John T. Harmon
Assistant United States Attorney
Office of the United States Attorney
Middle District of Alabama
One Court Square, Suite 201 (36104)
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone:(334) 223-7280
Facsimile:(334) 223-7560
E-mail: John.Harmon@usdoj.gov
Bar Number: 7068-II58J

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 1

Members of the Jury:

Your verdict in this case does not complete your jury service, as it would in most cases, because there is another matter you must now consider and decide, namely, whether the Defendant should forfeit a certain firearm to the United States as a part of the penalty for the crime charged in Counts 1 and 2 of the Indictment.

In a portion of the Indictment not previously discussed or disclosed to you, it is alleged that a certain firearm was involved in the offenses as charged in Counts 1 and 2; and, in view of your verdict finding the Defendant guilty of those offenses, you must also decide, under the law I will now explain to you, whether such firearm should be forfeited to the United States.

The term "forfeited" simply means for someone to be divested or deprived of the ownership of something as a part of the punishment allowed by the law for the commission of certain criminal offenses.

In deciding these forfeiture issues you should consider all of the evidence you have already heard during the trial plus the additional evidence, if any, that will be presented to you when I finish giving you these instructions.

The forfeiture allegation of the Indictment - a copy of which will be provided to you for your consideration during your supplemental deliberations - describes in particular the firearm allegedly subject to forfeiture to the United States:

 One Davis, Model P32, .32 Caliber Pistol, Serial Number 105474;

 In order to be entitled to the forfeiture of this firearm, the United States must have proved by a preponderance of the evidence that this firearm was involved in the offenses as charged in Counts 1 and 2 of the Indictment.

 A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.  Proof beyond a reasonable doubt as used earlier in your deliberations is **not** required and you should put that standard out of your mind.

 While deliberating concerning the issue of forfeiture you must not reexamine your previous determination regarding the Defendant's guilt.  However, all of the instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.

_____
Pattern Jury Instructions, Criminal Cases, Eleventh Circuit
(2003 revision)

Federal Rule of Criminal Procedure 32.2 provides:

> (a) <u>Notice To The Defendant</u>. A court shall enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains a notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute.

Granted      _____

Modified     _____

Denied       _____

Withdrawn    _____

<u>UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 2</u>

Title 18, United States Code, Section 922(g)(1), makes it a federal crime or offense for anyone who has been convicted of a felony offense to possess any firearm in or affecting interstate commerce.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer.

_____

Pattern Jury Instructions, Criminal Cases, Eleventh Circuit
 (2003 revision)


Granted    _____

Modified   _____

Denied     _____

Withdrawn  _____

<u>UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 3</u>

Title 18, United States Code, Section 924(c)(1)(A)(i), makes it a federal crime or offense for anyone to carry a firearm during and in relation to and possess a firearm in furtherance of a drug trafficking crime.

_____

Pattern Jury Instructions, Criminal Cases, Eleventh Circuit
 (2003 revision)


Granted     _____

Modified    _____

Denied      _____

Withdrawn   _____

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 4

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions, it includes constructive as well as actual possession, and also joint as well as sole possession.

---

Pattern Jury Instructions, Criminal Cases, Eleventh Circuit
 (2003 revision)

United States v. Hastamorir, 881 F.2d 1551 (11th Cir. 1989)


Granted     _____

Modified    _____

Denied      _____

Withdrawn   _____

## UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 5

The phrase "crime punishable by imprisonment for a term exceeding one year" generally means a crime which is a felony. The phrase does not include any State offense classified by the laws of that State as a misdemeanor.

I hereby instruct you that the crime of Trafficking Marijuana in the First Degree is a crime in the State of Alabama punishable by imprisonment for a term exceeding one year as that phrase is used in these instructions.

_____

2A Fed. Jury Prac. & Instr. §39.10 (5th ed.)

Granted     _____

Modified    _____

Denied      _____

Withdrawn   _____

<u>UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 6</u>

Counts 1 and 2 of the Indictment and the Forfeiture Allegation list the firearm which the United States contends is subject to forfeiture. The Special Verdict Form regarding forfeiture states the firearm which the United States alleges is such property regarding that Count.

_____

Granted     _____

Modified    _____

Denied      _____

Withdrawn   _____

UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 7

You must reach a unanimous verdict as to each question on the Special Verdict Form.

_____

Title 19, United States Code, Section 1615; U.S. v. $41,305 In Currency, 802 F.2d 1339, 1343 (11th Cir. 1986); U.S. v. One 1975 Ford F-100 Pickup Truck, 558 F.2d 755, 756 (5th Cir. 1977).

U.S. v. Four Million, Two Hundred Fifty-Five Thousand, 762 F.2d 895, 904 (11th Cir. 1985).

Granted        _____

Modified       _____

Denied         _____

Withdrawn      _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05cr244-T |
| | ) | |
| KEVIN L. KING | ) | |

<u>UNITED STATES OF AMERICA'S PROPOSED SPECIAL VERDICT FORM</u>

We, the Jury, unanimously find by a preponderance of the evidence that a Davis, Model P32, .32 Caliber Pistol, bearing serial number 105474 was involved in and was used in the Defendant's violation of Count 1 as stated in the Indictment.

**YES** _____

**NO** _____

We, the Jury, unanimously find by a preponderance of the evidence that a Davis, Model P32, .32 Caliber Pistol, bearing serial number 105474 was involved in and was used in the Defendant's violation of Count 2 as stated in the Indictment.

**YES** _____

**NO** _____

So, Say We All, this \_\_\_\_ day of _____, 2006.

_____
FOREPERSON