IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:05cr244-MHT |
| | ) | (WO) |
| KEVIN L. KING | ) | |

OPINION AND ORDER

The issue presented in a pending request by the United States Bureau of Prisons is whether the court has the authority, pursuant to the mental-competency provisions of 18 U.S.C. § 4241(d), to grant the bureau an additional period of time to hospitalize and treat a court-determined mentally incompetent criminal defendant, where the bureau has provided the court with no basis for making a finding, as is required by the statute, that there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit a trial to proceed.  The court holds, as

explained below, that it has no such authority absent the appointment of a guardian <u>ad litem</u> for the defendant and the waiver of the statutory requirement by that guardian.

## I. BACKGROUND

A chronology of the relevant events in this case is as follows:

<u>October 4, 2005</u>: Defendant Kevin L. King was indicted on three counts: felon in possession of a firearm, 18 U.S.C. § 922(g); use of a firearm in a drug trafficking crime, 18 U.S.C. § 924(c); and possession with intent to distribute marijuana, 21 U.S.C. § 841(a).

<u>December 13, 2005</u>: King filed a motion to dismiss due to his incompetence to stand trial. The motion was supported by a mental status evaluation procured by the defendant. In response, the government filed a motion for the court to order a mental competency examination by the Bureau of Prisons, but the parties then agreed that King's transfer to the Bureau of Prisons would be delayed

pending defense counsel's procurement of a neurological-psychological evaluation. The court denied without prejudice King's motion to dismiss, pending the completion of the competency proceedings.

February 16, 2006: After a defense-hired neurologist conducted an examination of King, the government re-filed, unopposed, its motion for a mental competency examination by the Bureau of Prisons.

February 21, 2006: Magistrate Judge Delores R. Boyd ordered King placed in the custody of the Attorney General for commitment to a medical institution where he would be observed and examined for a period not to exceed 30 days for a determination of his competency to stand trial, and for a period not to exceed 45 days for a determination of his competency at the time of the offense. The court ordered King's examiners to file a written report of their findings within 75 days from the date King arrived at the institution. The court further

ordered that King remain at the institution for not more than 75 days.

**May 9, 2006**: Judge Boyd entered an order granting the request of the federal medical center in Fort Worth, Texas, for a 30-day extension of the 45-day observation period.

**June 19, 2006**: The federal medical center filed a psychiatric report in which it concluded that King was not competent to stand trial. It offered no opinion on King's mental state at the time of the offense.

**July 7, 2006**: Following a hearing on the psychiatric report, Judge Boyd entered an order in which she made a finding that King was incompetent to stand trial. The court ordered that King be committed again to the custody of the Attorney General for hospitalization and treatment for a reasonable period of time, not to exceed four months, for a determination of whether there is a substantial probability that in the foreseeable future he would attain the capacity to proceed to trial. The court

ordered King's examiners to file a written report of their findings not later than four months from the date of King's hospitalization for additional treatment and evaluation.

<u>August 28, 2006</u>: The court received notice that King had been received by the federal medical center in Springfield, Missouri, on August 17, 2006.

<u>January 29, 2007</u>: The court received a request from the Bureau of Prisons' federal medical center to grant an "extension of [King's] commitment in order to further clarify his competency-related strengths and weaknesses," with the expectation that a written report would be submitted by March 1, 2007.  The federal medical center's request for additional time was conveyed in the form of a letter to the court from the warden.  The letter did not contain a psychiatric report or any detailed findings as to the probability that King would attain the capacity to proceed to trial in the foreseeable future.  The letter did state that the facility conducted a

"neuropsychological assessment ... [which] suggested that Mr. King is exaggerating his level of cognitive impairment."

**February 12, 2007**: Having received the request for additional time, the court scheduled a hearing, which was conducted by conference call. The parties represented to the court that they were in agreement that some additional time would be helpful in resolving the question of King's competency to stand trial. Neither defense counsel nor the government had any objection to the federal medical facility's request for more time to evaluate and treat King. The Bureau of Prisons' request for additional time (doc. no. 62) remains pending before the court.

## II. DISCUSSION

### A. Three-Step Framework for Competency Determination

In cases involving the mental competency of a criminal defendant to stand trial, 18 U.S.C. § 4241 sets

out a three-step framework for determining competency and treating the defendant under conditions that conform with due process of law.  See <u>United States v. Deters</u>, 143 F.3d 577, 579 (10th Cir. 1998) (describing the three-step system).

At step one, the court must have "reasonable cause" to believe that the defendant may be mentally incompetent to stand trial.  18 U.S.C. § 4241(a).  At that point, the court may order a psychiatric examination of the defendant to determine if the defendant is competent to stand trial.  Id. § 4241(b).  The court may order the defendant committed for this purpose for up to 30 days. <u>Id</u>. § 4247(b).  Upon a showing of good cause by the examiner, the court may extend the period of commitment for an additional 15 days.  <u>Id</u>.  The court may also order commitment to determine the defendant's mental state at the time of the offense; commitment for that commitment for that purpose is for 45 days, <u>id</u>. § 4242, and § 4247(b) permits a 30-day extension.

At step two, the court conducts a hearing based on the psychological reports and testimony from the defendant's 30- or 45-day commitment. Id. §§ 4241(b)-(c), 4247(d). The court must determine whether, by a preponderance of the evidence, the defendant is incompetent to stand trial. Id. § 4241(d). If the court makes that finding, then the court must again commit the defendant to the custody of the Attorney General for placement in a suitable medical facility, this time for a reasonable period of time not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed. Id. § 4241(d)(1).

Step two, like step one, contains a provision that allows the court to extend the four-month commitment period. However, unlike in step one, the court can grant an extension for an additional reasonable period of time only if it first finds that there is a substantial

probability that within such additional period of time the defendant will attain the capacity to permit the trial to proceed. Id. § 4241(d)(2)(A).

Step three in the mental-competency framework is the court's ultimate determination of whether a trial can proceed in light of the results of the defendant's psychological evaluation and treatment. If, at the end of the period of confinement in step two, the defendant is competent to proceed to trial, then the competency proceedings are at an end, the court must order the defendant discharged from the medical facility that was evaluating him, and the criminal trial should ensue. 18 U.S.C. § 4241(e). If, on the other hand, the defendant is not competent to proceed to trial, then the court must determine, pursuant to 18 U.S.C. § 4246, whether the defendant should be released without trial or detained indefinitely. Indefinite detention is permissible only upon a finding, by clear and convincing evidence, that the defendant's release would create a substantial risk

of bodily injury to another person or serious damage to the property of another.  Id. § 4246(d).

### B. The Procedural Posture of this Case

In this case, the court has exhausted and completed the procedures and requirements of step one.  Judge Boyd's February 21, 2006, order constituted the "reasonable cause" order at step one.  Her May 9, 2006, order granted an extension as permitted under § 4247(b).  Ultimately, and notwithstanding the court's order, King's examiners offered no opinion as to his mental state at the time of the offense.  They did, however, opine that he was not competent to stand trial.

The court has also initiated proceedings under step two.  Judge Boyd's July 7, 2006, order contained a finding that King was incompetent to stand trial.  In that order the court also committed King for a period not to exceed four months to determine whether there was a substantial probability that in the foreseeable future he

would attain the capacity to permit the trial to proceed. Judge Boyd further ordered King's examiners to provide their findings, opinions, and conclusions regarding King's attainment of mental competency within four months of King's hospitalization.

In this case, then, the court is still at step two. The Bureau of Prisons medical center has requested an "extension of [King's] commitment in order to further clarify his competency-related strengths and weaknesses." The question presented is whether the court can grant the extension the medical center seeks.

### C. Lack of Statutory Authority for Continued Medical Commitment

The court concludes that it lacks the statutory authority to extend King's commitment beyond the four-month limit of 18 U.S.C. § 4241(d)(1).

This issue has been addressed squarely by the Sixth Circuit Court of Appeals. In <u>United States v. Baker</u>, 807 F.2d 1315 (6th Cir. 1986), the defendant alleged that he

was unlawfully committed because the step-two commitment lasted longer than four months without any "substantial probability" finding by the district court that ordered him committed pursuant to § 4241(d)(1).  The court stated: "We believe that this provision requires that a determination as to the individual's mental condition be made within four months, and that the individual cannot be held pursuant to section 4241 in excess of four months unless the court finds that the individual is likely to attain competency within a reasonable time."  807 F.2d at 1320.  Finding that the defendant in that case was held for approximately six months without a proper extension pursuant to § 4241(d)(2)(A), the court held that there was no authority to confine him beyond the four months authorized by § 4241(d).  Id.

The Court of Appeals for the Eleventh Circuit has also addressed this question, albeit in dicta.  United States v. Donofrio, 896 F.2d 1301 (11th Cir. 1990). Discussing the due process considerations involved, the

<u>Donofrio</u> court noted that the due process clause requires that the period of the defendant's step-two confinement be "reasonable," whereas the statute limits confinement to four months regardless of whether more time would be reasonable. 896 F.2d at 1303. "Any additional period of confinement depends upon the court's finding there is a probability that within the additional time he will attain capacity to permit trial." <u>Id</u>.

Additionally, the Fourth Circuit Court of Appeals has stated: "The four month limit under 18 U.S.C. § 4241(d)(1) may be extended for an 'additional reasonable period' of time if the court makes an <u>explicit finding</u> that there is a 'substantial probability' that the defendant will attain the capacity to permit the trial to proceed within the additional time." <u>United States v. Charters</u>, 829 F.2d 479, 485 (4th Cir. 1987) (emphasis added).

In this case, the court has made no finding that there is a substantial probability that within the

13

additional time requested by the federal medical center King will attain the capacity to proceed to trial. And at this time, the court is without the information it would need to make such a finding, or even a finding that there is a substantial probability that King will become competent at any time in the foreseeable future. The medical center's letter requesting the extension offers no opinion as to whether such a substantial probability exists. In fact, it appears that the purpose of the medical center's request is to obtain additional time in which to determine whether such a substantial probability exists. The only information the letter conveys related to King's present mental condition is one sentence reporting that the results of King's initial neuropsychological assessment suggested that King is exaggerating his level of cognitive impairment. This single sentence is simply not enough information on which the court could base the finding required by 18 U.S.C. § 4241(2)(A).

The parties have represented to the court that they both desire a continued brief period of medical commitment, and they express optimism that the issue of King's competency can be resolved in a relatively short additional period of time. However, as stated, 18 U.S.C. § 4241(d) does not authorize King's medical detention for longer than four months, and the court is without statutory authority to grant an extension without making further findings.

Here, King has already been detained pursuant to step two for longer than four months. Judge Boyd issued her order on July 7, 2006, and King was received at the medical center on August 17, 2006. The four-month period of evaluation should have ended, at the latest, on December 17, 2006. Therefore, King's commitment to the Attorney General for psychological evaluation and observation is no longer authorized by statute. And, as stated, this court lacks the information it would need to

make additional findings to support an extension under 18 U.S.C. § 4241(d)(2).

### D. Waiver

Notwithstanding the lack of statutory authority to grant the medical center the additional time it seeks, the court believes that the statutory four-month limit on King's medical detention is a right that is waivable by the defense.* Accordingly, because defense counsel agrees with the medical center that an additional period of

---

   *   The court draws no conclusion, however, as to the waivability of the constitutional reasonableness limit under the due process clause that § 4241(d) aims to protect.  See Jackson v. Indiana, 406 U.S. 715, 738 (1972) (holding that a criminal defendant "committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable amount of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future"); Donofrio, 896 F.2d at 1303 ("The due process requirements of Jackson are met because the statute itself requires that the period of commitment be 'reasonable' for that purpose. The statute limits confinement to four months, whether more time would be reasonable or not.").

16

evaluation is appropriate, the court will permit King to waive his statutory right under 18 U.S.C. § 4241(d).

The difficult question now arises as to what constitutes a valid waiver of the statutory four-month limit under 18 U.S.C. § 4241(d) by a defendant who the court has already determined is incompetent to stand trial as a result of a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Cf. Godinez v. Moran, 509 U.S. 389, 401-02 (1993) (discussing the relationship between competence to stand trial and competence to waive the right to counsel).  Needless to say, the court cannot in good conscience order King to be further psychologically evaluated to determine whether he is competent to make a valid waiver of his right not to be further psychologically evaluated.

Instead, the court believes the proper course of action at this point is to appoint an additional attorney

and guardian <u>ad litem</u> to determine, on King's behalf and based on consultation with King and his current attorney, whether to waive the statutory four-month limit. If King does not waive his right under the statute, then the court will have no choice but to proceed to step three, 18 U.S.C. §§ 4241(d), 4246. If King does waive his statutory right, then the court will authorize his continued hospitalization for a "reasonable amount of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future," <u>Jackson</u>, 406 U.S. at 738.

\* \* \*

Accordingly, it is ORDERED as follows:

(1) A guardian <u>ad litem</u> will be appointed for defendant Kevin L. King.

(2) The Bureau of Prisons' request to commit defendant King for an additional period of time (doc. no. 62) will be set for an additional hearing where the court will hear from defendant King's guardian <u>ad litem</u> as to

whether defendant King waives the statutory four-month limit under 18 U.S.C. § 4241(d).

DONE, this the 14th day of February, 2007.

                                            /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE