IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:05cr244-MHT |
| | ) | (WO) |
| KEVIN L. KING | ) | |

OPINION AND ORDER

This court recently held that the Bureau of Prisons' pending request for an additional period of time to hospitalize and treat defendant Kevin L. King, who is incompetent to stand trial, could not be granted unless King, by and through a guardian ad litem, agreed to waive the four-month statutory limit to his commitment pursuant to 18 U.S.C. § 4241(d).  See United States v. King, No. 2:05cr244-MHT, slip op. (M.D. Ala. Feb. 14, 2007) (Thompson J.) (doc. no. 68).  The court declared that it would appoint a guardian ad litem and schedule a hearing on the bureau's request.  This is the opinion and order appointing the guardian.

In appointing the guardian, the court must address an additional issue that has arisen in this case: whether the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, authorizes the court to compensate an additional attorney as guardian *ad litem* for defendant King. The law is admittedly somewhat vague in this area, but the court believes that there is authority for such payment.

The court first looks to the *Guidelines for the Administration of the Criminal Justice Act and Related Statutes*, which is Volume 7, Part A of the Administrative Office of the United States Courts's *Guide to Judiciary Policies and Procedures*. The *Guidelines* suggest that compensation for a guardian *ad litem* is available under one of two provisions.

The first relevant area of the *Guidelines* is chapter two, part B, which covers the appointment of counsel. In the section within that chapter and part entitled "Compensation of Co-Counsel," the *Guidelines* provide:

> "In an extremely difficult case where the court finds it in the interest of

>    justice to appoint an additional
>    attorney, each attorney is eligible to
>    receive the maximum compensation
>    allowable under the Act. The finding of
>    the court that the appointment of an
>    additional attorney in a difficult case
>    was necessary and in the interest of
>    justice shall appear on the Order of
>    Appointment."

Guidelines § 2.11(B). In this case, the guardian ad litem would also serve as a second attorney for defendant King. Although this case is not extremely difficult in the sense that King will require two attorneys throughout a criminal trial, it is extremely difficult in the sense that the court is at an impasse with respect to his statutory rights under 18 U.S.C. § 4241(d). The only way the court can proceed without appointing a second attorney as guardian ad litem would be to advance automatically to step three of the mental-competency statutory framework, see King, slip op. at 9, 18, which, based on the representations of both parties, is decidedly not in the interest of justice. Therefore, the court finds that this is a difficult case and that the

appointment of a second attorney as guardian <u>ad litem</u> to defendant King is necessary and in the interest of justice.

The second relevant area of the <u>Guidelines</u> is chapter three, which concerns payment for "investigative, expert, or other services" under the CJA.  Although § 3.14 of that chapter states that in proceedings involving <u>juveniles</u> a guardian <u>ad litem</u> appointed under 18 U.S.C. § 5034 is not eligible for compensation under the CJA, the <u>Guidelines</u> do not expressly prohibit compensation for a guardian <u>ad litem</u> appointed for a mentally incompetent <u>adult</u>.  Here, the court's appointment of a guardian <u>ad litem</u> for King would not be under § 5034; that section of the Code pertains to juvenile deliquency and youthful offenders, whereas King is an adult the court has found to be mentally incompetent and these proceedings fall under the mental-competency provisions of 18 U.S.C. § 4241.

Because chapter three of the Guidelines does not specifically address the appointment of a guardian ad litem for an adult, the court turns to that chapter's general provision, which provides: "Investigative, expert or other services necessary to adequate representation, as authorized by subsection (e) of the Act, shall be available to persons who are eligible under the Act." Guidelines § 3.01 (emphasis added). Referring to subsection (e) of the CJA, the court notes that it must make a finding that such services are "necessary for adequate representation." 18 U.S.C. § 3006A(e). For the reasons already discussed, the court finds that the services of a guardian ad litem at this stage of the proceedings are necessary for adequate representation of defendant King.

Lastly, even if the Guidelines themselves do not authorize payment for a guardian ad litem, the court finds that the statute, which the Guidelines purport to implement, authorizes compensation under the

circumstances of this case. The CJA provides that "services necessary for adequate representation" are available for compensation under the statute. 18 U.S.C. § 3006A(e). See United States v. Doe, 230 F.Supp.2d 662, 664 (D. Md. 2002) (finding that, where the services of a guardian ad litem are "necessary for adequate representation," 18 U.S.C. 3006A(e), the CJA authorizes compensation for the guardian even where the implementing Guidelines do not) ("The statute must prevail over the regulation...."). In sum, the court concludes that it is authorized, pursuant to the CJA, to compensate an additional attorney as guardian ad litem for defendant King.

King's defense counsel and the Federal Public Defender for the Western District of Missouri have recommended three attorneys that could ably serve as King's guardian ad litem. Based on that recommendation, the court will appoint attorney Elise Barker as attorney and guardian ad litem for defendant King. Attorney

Barker is a member of the CJA panel in the Western District of Missouri, the district in which King is currently hospitalized for psychological evaluation and treatment. Within the week, the court will hold a hearing on the medical center's pending request for additional time to evaluate and treat King.

\* \* \*

Accordingly, it is ORDERED as follows:

(1) The court finds, pursuant to § 2.11(B) of the <u>Guidelines for the Administration of the Criminal Justice Act and Related Statutes</u>, that the appointment of an additional attorney to serve as guardian <u>ad litem</u> for defendant Kevin L. King in this difficult case is necessary and in the interest of justice.

(2) The court also finds, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(e), that the services of a guardian <u>ad litem</u> are necessary for adequate representation of defendant King.

(3) The Honorable Elise Barker, Esq., 1740 South Glenstone, Springfield, Missouri 65804, is appointed guardian *ad litem* for defendant Kevin L. King.

(4) The Bureau of Prisons' federal medical center in Springfield, Missouri, shall permit attorney Barker to visit *immediately* with defendant King.

It is further ORDERED that fees for attorney Barker's service as guardian *ad litem* are to be paid pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A(d) and § 2.11(a) of the *Guidelines for the Administration of the Criminal Justice Act and Related Statutes*, or in the alternative 18 U.S.C. § 3006A(e) and § 3.02 of the Guidelines.

The clerk of the court is DIRECTED to furnish attorney Barker a copy of defendant King's file.

DONE, this the 15th day of February, 2007.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE