IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:05cr244-MHT |
| | ) | (WO) |
| KEVIN L. KING | ) | |

OPINION AND ORDER

Currently pending before the court is the Bureau of Prisons' request for an additional period of time to hospitalize and treat defendant Kevin L. King, who is incompetent to stand trial. Following an on-the-record conference call on February 12, 2007, the court held that the request could not be granted unless King, by and through a guardian _ad litem_, agreed to waive the four-month statutory limit to his commitment pursuant to 18 U.S.C. § 4241(d). United States v. King, --- F.Supp.2d ----, 2007 WL 474937 (M.D. Ala. 2007) (Thompson J.). Following the appointment of the Honorable Elise Barker, Esq., a CJA attorney from the Western District of

Missouri, as guardian <u>ad litem</u> for King, the court held an additional hearing on the Bureau of Prisons' request.

The hearing presented essentially two related issues for the court. The first issue is whether King waives the four-month statutory limit under § 4241(d). By and through the oral representation of Barker made in open court and on the record, King waived the four-month statutory limit. King himself objects to the waiver, essentially complaining that he wants to come home to Alabama and that he is tired of psychological tests. However, Barker asserts that a waiver is in King's best interest, and this court agrees. Even without the waiver, King will more than likely not be released anytime soon, and the additional tests the bureau seeks to have done are essential if the court is to complete the mental-health determinations required by statue. Accordingly, the court accepts King's waiver, as conveyed by and through his guardian <u>ad litem</u>, of the four-month statutory limit under 18 U.S.C. § 4241(d).

The second issue is whether the Bureau of Prisons' request is due to be granted. The bureau has stated to the court that it expects its evaluation of King to be complete, and a report prepared for the court, by March 1, 2007. At the hearing, counsel for the government represented that this was her understanding as well. Because King has waived his statutory right under § 4241(d), the main question for the court is the due-process issue of whether an extension through March 1 is a "reasonable amount of time necessary to determine whether there is a substantial probability that [King] will attain [the] capacity [to proceed to trial] in the foreseeable future." <u>Jackson v. Indiana</u>, 406 U.S. 715 (1972). The court finds that it is reasonable to extend King's psychiatric commitment through March 1, 2007, for that purpose.

Accordingly, it is ORDERED as follows:

(1) The Bureau of Prisons' request to commit defendant Kevin L. King for an additional period of time (doc. no. 62) is granted.

(2) Not later than March 1, 2007, the examiners designated to conduct or supervise defendant King's treatment shall file with this court a report in writing which shall summarize the course of defendant King's treatment and evaluation and state their findings, opinions and conclusions regarding defendant King's attainment of mental capacity, competency to proceed in this case, or whether there is a substantial probability that in the foreseeable future defendant King will attain the capacity to permit trial to proceed.

The clerk of the court is DIRECTED to furnish a copy of this order via facsimile to J.E. Gunja, Warden, United States Bureau of Prisons Medical Center for Federal Prisoners at Springfield, Missouri.

DONE, this the 20th day of February, 2007.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**