IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )      2:05cr244-MHT
                            )         (WO)
KEVIN L. KING               )


OPINION AND ORDER

This cause is before the court on the question of whether there is a substantial probability that defendant Kevin L. King will in the foreseeable future attain or has already attained the mental capacity to permit the trial to proceed.  For the reasons given below, the court concludes that King has attained the mental capacity to permit the trial to proceed.

This court has previously declared King mentally incompetent to stand trial in this cause and has ordered that, pursuant to 18 U.S.C. § 4241(d), he be committed to the custody of the Attorney General, who shall hospitalize him for treatment in a suitable facility, for

such a reasonable period of time for treatment and examination by qualified psychiatrists. The court further ordered that the examiners designated to conduct or supervise such treatment shall file with this court a report in writing that shall summarize the course of King's additional treatment and evaluation and state their findings, opinions and conclusions regarding his attainment of mental capacity or competency to proceed in this case. The examiners have now filed their report with the court.

This court held a hearing on March 27, 2007, pursuant to 18 U.S.C.A. §§ 4241(c) & 4247(d), to determine whether there is a substantial probability that King will in the foreseeable future attain or has already attained the mental capacity to permit the trial to proceed. At this hearing, counsel for the United States presented the contents of the report prepared by King's treating psychiatrists at the United States Medical Center for Federal Prisoners. The United States also presented

2

witnesses who testified about the tests they performed on King and how the results of those tests demonstrated that King was intentionally trying to appear impaired.  <u>See</u> Forensic Report Pg. 17 ("Mr. King is malingering in an effort to avoid criminal prosecution ... there is an overwhelming amount of information to suggest that [King] has been consistently disingenuous on tests of cognitive abilities").   King's treating psychiatrists have concluded that King is currently competent to stand trial.  The report states that:

> "... Mr. King is competent to proceed. He does not have a genuine mental disease or defect which would hinder his ability to understand the nature and potential consequences of the proceedings against him nor his ability to assist properly in his defense.  Although he cannot read or write, he has the cognitive abilities to understand information presented to him.  Additionally, he has the ability to provide information to his attorneys, testify relevantly, and make reasoned decisions after consultation with his attorneys if he chooses to do so."

Despite this evidence, King stated at the end of the hearing that he still understood nothing.

Based upon the psychiatric report and the testimony of the witnesses, the court finds that King's statement that he understands nothing is not credible, and the court further concludes that King has attained the mental capacity to permit the trial to proceed.

For the foregoing reasons, it is ORDERED:

(1) That defendant Kevin L. King is declared mentally competent to stand trial in this cause, that is, he is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, 18 U.S.C. § 4241(a); and

(2) That, pursuant to 18 U.S.C. § 4241(f), this court's finding that defendant King is mentally competent to stand trial, and the report upon which it is based, shall not prejudice defendant King in raising the issue

of his insanity as a defense to the offense charged, and that the report shall not be admissible as evidence in the trial of this cause.

DONE, this the 28th day of March, 2007.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**